## NEWSOM *v.* NEWSOM, et al.

No. 39852 February 13, 1956 85 So. 2d 221

*Barnett, Jones & Montgomery,* Jackson; *Robert H. Dale,* Columbia, for appellant.

*Rawls & Hathorn, C. E. Conner,* Columbia; *H. H. Parker,* Poplarville; *G. B. Keaton,* Picayune, for appellees.

ARRINGTON, J.

## ON SUGGESTION OF ERROR

Appellant's counsel has filed a 49 page suggestion of error in which he contends primarily that the Court's original decision affirming the decree of the chancery court was error, because we did not hold that appellees representing three-fifths of the interests in the property in question had admitted in their cross-bill that the 1922 deed to appellant was delivered to her. Complaint is made that our opinion did not discuss that.

Appellant raised this point for the first time in her rebuttal brief. The opinion did not refer to the same because the point was manifestly and wholly without merit.

 █ The record indicates rather clearly that this point was never presented to the trial court. It was not

raised in the assignment of error, nor in appellant's original 66 page brief. It was raised for the first time, apparently as an afterthought, in appellant's rebuttal brief. Hence appellees had no opportunity of replying to the same. It is well established that it is improper to raise new points or assignments for the first time in the rebuttal brief of appellant, and that where they are so raised, the Court is under no duty to consider the same. Estes v. Bank of Walnut Grove, 172 Miss. 499, 513, 159 So. 104 (1935). In 3 Am. Jur., Appeal and Error, Section 782, this universal rule is concisely stated: "The function of the reply brief is rebuttal, and it is therefore improper for it to raise new points or assignments. Ordinarily, if it is desired to exceed the usual scope, leave of court should first be obtained. As a general rule, all points on which counsel rely for a reversal should be made in the opening brief, since the courts are not disposed to look with favor on a point which is made for the first time in the reply brief unless a good reason appears for the failure to make it in the opening brief."

In addition, Supreme Court Rule 6 (2) provides: "No error not distinctly assigned shall be argued by counsel, except upon request of the Court, but the Court may, at its option, notice a plain error not assigned or distinctly specified."

These foregoing rules of pleading and practice in this Court are well established, have a sound and practical basis, and are pertinent here.

 Moreover, appellant's contention that there was an admission by some of the appellees in their cross-bill is on the facts incorrect. There were numerous pleadings. In appellant's second amended bill of complaint it was charged that she was the owner of the property under a 1922 deed from her mother. Appellee's answer denied that allegation, and denied that the 1922 deed to appellant was valid. There were several answers by the several defendants. In the original cross-bill of I. N.

Newsom, adopted by some of the other defendants, I. N. Newsom charged that he, by agreement with appellant and the other heirs, had built a new house upon the land after the original one had burned, and asked the Court to place a lien on the property in favor of him, if complainant should prevail. By an amendment to the cross-bill, I. N. Newsom further charged that the 1922 deed was without consideration and therefore void. The cross-bill then said: "The defendant and cross-complainant would show that the instrument of record in Book 117 at page 538, *purporting* to be a deed from Mrs. M. J. Newsom to Mamie Newsom has been altered and changed subsequent to its execution and delivery and before being filed for record, and that same is now a different instrument from the one that was executed and delivered on April 29, 1922, and therefore said instrument is now null, void and of no affect." (Emphasis added)

The quoted statement in the cross-bill of I. N. Newsom is what appellant contends is an admission that the 1922 deed was delivered to her. We do not agree. Although the charge in the cross-bill could have been drawn more accurately, it expressly charges that the instrument "purporting to be a deed" to appellant "has been altered and changed subsequent to its execution and delivery . . ." The charge is clearly that the 1922 deed is a purported deed, and this obviously means that it professes incorrectly to be an effective deed. This word "purporting" in the charge obviously modifies the subsequent references to execution and delivery.

■■ Furthermore, one of the principal defenses of appellees was that the deed was invalid because it had not been delivered to appellant. In the trial in the chancery court both appellant and appellees tried the case on this theory, and that, along with estoppel and laches, were the main reasons for the decision of the chancery court, which we affirmed. So appellant is in no position now to argue a new theory based upon an alleged admis-

sion in the cross-bill. The answers denied the validity of the deed, and appellant, who brought the suit, claiming it was a valid instrument, had the burden of showing its validity, which included its delivery. That appellant's counsel agreed with this interpretation in the trial court and that the case was tried on the theory that delivery was an issue is manifest from the lengthy record and from the briefs on appeal.

In order that a recital or statement in a pleading may be given the force and effect of an admission of fact, it must, of course, amount to such. "In determining the scope and effect of admissions in the pleadings, words and terms of such admission will be taken in the sense in which they were obviously used. A pleader is not concluded beyond the reasonable import of his allegations, especially where averments or denials appear in the pleading which are inconsistent with the supposed admission." 41 Am. Jur., Pleading, Sec. 201.

Moreover, even if it be assumed that the deed was delivered, that still does not impair the validity of the finding of the trial court that appellant was estopped by her actions and laches from claiming under it.

The heirs of Dr. L. P. Newsom affirmatively pleaded that the deed was not delivered. Nevertheless, appellant contends, with reference to the alleged admission in the cross-bill of the other defendants referred to above, that they are in privity with such other defendants, and that such alleged admissions are evidence against the heirs of Dr. Newsom. Assuming arguendo that the quoted statement in the cross-bill was an admission, this argument of appellant counteracts itself, since by the same token the other heirs would be entitled to the benefit of the affirmative plea of non-delivery of the heirs of Dr. Newsom.

Suggestion of error overruled.

*Roberds,* P.J., and *Lee, Holmes* and *Ethridge,* JJ., concur.