389 So.2d 109 (1980)
UNITED STATES FIDELITY AND GUARANTY COMPANY and Hartford Accident and Indemnity Company
v.
Dianne Simmons PEARTHREE.
No. 52125.
Supreme Court of Mississippi.
September 24, 1980.
Rehearing Denied October 29, 1980.
*110 B.L. Riddick, Riddick & Carpenter, Jackson, Joe Clay Hamilton, Hamilton & Williamson, Meridian, for appellants.
David A. Stephenson, Sandusky, Bailey, Fortenberry & Stephenson, Meridian, for appellee.
Before PATTERSON, C.J., and BROOM and LEE, JJ.
BROOM, Justice, for the Court:
Stacking uninsured motorist coverage and awarding damages to Dianne Simmons Pearthree on account of the death of her mother who was survived by her husband and by other siblings are the salient features of this case, appealed from the Chancery Court of Lauderdale County. Originally filed in county court, the action was upon motion transferred to chancery court. Appellants USF&G Co. and Hartford Accident & Indemnity Co. contend (1) that appellee cannot be allowed to recover damages except those which she alone is entitled to recover, and (2) that the damages awarded are excessive.
The deceased, Mrs. Patricia Ann Shumate, a passenger in an automobile driven by James Fannin, was killed in an automobile accident on November 14, 1974. Fannin (also killed in the accident) owned the car which had uninsured motorist coverage on two automobiles under his policy with Hartford. Mrs. Shumate's husband, Edwin Earl Shumate, Sr., also had uninsured motorist coverage on two automobiles under his policy with USF&G. The negligent party liable for the accident was Fred M. Lofton, an uninsured motorist. Previously this case was before us, and we held: (1) the two policies may be aggregated and stacked so that the policies would be interpreted to provide coverage on each policy at $20,000 per person or $40,000 per accident even though each policy on its face contained limits of $10,000/20,000; (2) Mrs. Pearthree's recovery is not "limited to 20% of the total amount payable ... the policies mention no percentage limitation"; and (3) Mrs. Pearthree, under the USF&G and Hartford policies, is an "insured." Pearthree v. Hartford Accident & Indemnity Co. and U.S.F.&G. Co., 373 So.2d 267 (Miss. 1979). We remanded, and the lower court then awarded (without either litigant presenting additional testimony) appellee $30,000 damages and ordered Hartford and USF&G each to pay the sum of $15,000 which they contend was error.
By way of cross appeal, appellee Pearthree contends she should have been awarded $40,000 plus 6% interest from date she notified Hartford and USF&G of her claim. In her action, she sought $40,000 ($20,000 against Hartford and a like amount against USF&G). The parties stipulated that $12,000 had already been paid on account of Patricia Simmons Shumate's death, but Pearthree still demands $40,000 as being owed under the two policies. Of the $12,000 previously paid on account of Mrs. Shumate's death under the policies, USF&G had in good faith paid $10,000 in settlement of the claims of Mrs. Shumate's three other children and her husband Edwin Shumate, Sr.[1] Hartford paid $100 for a covenant binding Edwin Shumate, Sr. and minors Barbara Ellen Shumate and Edwin Earl Shumate, Jr. not to sue as a result of the death of Mrs. Shumate. Pyramid Life Insurance Company (not a party to this suit) *111 settled with the Shumate family for $2,000. Counting $19,900 Hartford paid the Fannin family, and the $100 it paid Edwin Shumate, Sr., Hartford paid out $20,000 on account of the accident. USF&G paid out $10,000. The decree in the present appeal is silent as to whether the $30,000 award was in any way related to or based upon any consideration of the prior settlements. No clear indication appears in the decree as to what damages were personally awarded to Mrs. Pearthree inasmuch as the chancellor stated damages were as if the suit were for:
[C]omplainant's own benefit and for all other wrongful death beneficiaries, leaving the ultimate question as to the disposition of any judgment rendered herein as between complainant and the other beneficiaries under the wrongful death statute as did the decision of the Supreme Court.
Appellee Pearthree is the only party plaintiff to the suit-no other wrongful death beneficiaries are parties.
Argument is made that the special chancellor erred in finding that the appellee was entitled to recover all damages which she would have been entitled to recover as if this action were brought for the complainant's own benefit and for all other wrongful death beneficiaries under the Mississippi Wrongful Death Statute.
In Pearthree, supra, we held that:
Focusing upon the words "damages he [sic] is entitled to recover" in subdivision (3) of the Hartford policy and subdivision (c) of the USF&G policy, it is obvious the reference is to the same right arising under the applicable law of torts. Because the appellant would, under Mississippi Code Annotated Section 11-7-13 (1972) be "entitled" to maintain a wrongful death action for the death of her insured mother, it is beyond cavil, we think, that she too is an "insured" within the meaning of the Hartford and USF&G policies.
(At 271).
When Pearthree, supra, was previously before us, we held that "because" Mrs. Pearthree, under Mississippi Code Annotated § 11-7-13 (1972), was entitled to maintain a wrongful death action for her mother's (Mrs. Shumate's) death, she is an insured "within the meaning of the Hartford and USF&G policies." 373 So.2d at 271. We did not hold that Mrs. Pearthree on the pleadings as cast should be awarded all damages which she would have been entitled to receive as if her suit were not only for her own benefit but also for all other wrongful beneficiaries under § 11-7-13, supra. Our opinion by Patterson, C.J., stated her recovery as an insured under the two policies is limited:
[T]o the extent of the aggregated per person limits, assuming her damages reach those limits.
(At 272).
Mrs. Pearthree's suit (as conceded in her brief) did not present a wrongful death action; her language describes her action as a claim which "arises under the uninsured portion" of the policies. Having made no effort to bring this action for the benefit of the other beneficiaries, under our decisional law her claim cannot include issues not raised by the pleadings. Seymore v. Greater Mississippi Life Insurance Company, 362 So.2d 611 (Miss. 1978). From the record, it is unclear why the lower court held that the damages were for the claimant Mrs. Pearthree and "for all other wrongful death beneficiaries."
In Point II of Hartford's appellant brief assertion is made that Mrs. Pearthree's claim is limited by the pleadings and the proof to her claim as one of five beneficiaries, and further limited to the present value of any pecuniary advantages which the evidence shows that she had a reasonable expectation of receiving from the deceased, Mrs. Patricia Simmons Shumate, had she lived. We previously held that the lower court erred in stating that Mrs. Pearthree's "recovery would be limited to twenty percent of the total amount payable." As stated in our previous opinion written by Chief Justice Patterson, the policies made no mention whatever of any percentage limitation.
*112 Another argument is that the lower court erred in finding that the limits are forty thousand dollars ($40,000) under the two insurance policies. There is no merit to this argument because the chancellor, in finding that the limits of liability under the two policies were $20,000 each, found precisely what our prior opinion mandated. Further argument is that the "per person limits, without a doubt, refer to the deceased, Mrs. Patricia Simmons Shumate, who was the actual `insured' in this case." This lacks persuasion because per person limits refer to all "insureds," and Mrs. Pearthree is an "insured."
It is next contended that the lower court erred in failing to give credit or consider $12,100 as being previously paid by USF&G, Hartford, and Pyramid Life Insurance Company. We hold that the effect of what had been paid by the other insurance companies would be to reduce the amount which is available under the limit of liability clauses in the two policies of USF&G and Hartford for a "per accident" occurrence.
Another argument is that the award of $30,000 by the special chancellor to the appellee was in excess of the remaining balance of the combined per person limits of the policies of USF&G and Hartford. Also before us is the related contention that the award is excessive on the record as made. In pressing its argument, Hartford states that "it is obvious that the chancellor awarded $30,000.00 based upon the total value of all damages that would have been due and payable to the five beneficiaries just as though they were all parties to this action." In dealing with the question of excessive damages, the argument seems to be that Mrs. Pearthree failed to prove elements of damages that would support the award of $30,000. In Dickey v. Parham, 295 So.2d 284, 285 (Miss. 1974), Justice Robertson listed certain allowable elements of damages in death cases, and added the caveat that "there is no mathematical formula" applicable in every case but only "general guides." The proof in this case shows that the deceased, Mrs. Shumate, at the time of her death was 36 years old, earning $120 per week working as a waitress, and had an additional life expectancy of 41.3 years. Simple arithmetic shows that her demonstrated earnings were approximately $6,000 per year. Such an annual earning for a person of the age of the deceased would amply support a verdict in excess of $50,000.
Pursuant to Dickey, supra, Mrs. Pearthree was entitled to prove and be compensated for her loss of the deceased's society and companionship. Additionally, she was entitled to prove and be compensated for her one-fifth (1/5) of the present net cash value of the deceased's life expectancy. We are unwilling to approve her recovery of the total net cash value of the deceased's life expectancy inasmuch as she made no effort to assert her action for the benefit of any heir except herself. For her, upon the pleadings as cast, to recover her own losses plus what the other heirs were (except for their agreed settlement) entitled to receive would amount to a windfall in her favor. This is not contrary to our previous holding in Pearthree, supra, that the lower court erred in stating that Mrs. Pearthree's "recovery would be limited to twenty percent of the total amount payable." Indeed her recovery may exceed twenty percent of the amount payable because the policies have no such limitation, but this does not mean that she may have a windfall and recover anything above her pro-rata share of losses and damages related to her mother's death. The award must be kept within the policies' aggregate limits.
Just why the settlement was made only with the other beneficiaries, husband and children of Mrs. Shumate, is not clear, but it is clear that Mrs. Pearthree was not a party to those settlements. The record does show that Mrs. Pearthree and Mr. Shumate discussed the possibility that he might file a suit.
Some if not all of the difficulties presented in this case would have been avoided had the insurance companies required an administration of Mrs. Shumate's estate and made the estate party to the settlement rather than merely settling with the individual *113 beneficiaries. At least, and without any full blown administration, payment could have been made into the registry of the chancery court and proceedings instituted under Mississippi Code Annotated § 91-1-27, et seq. (1972), to establish who were all the heirs of Mrs. Shumate. The insurance companies, as they have a right to do, elected not to open an administration, or conduct any judicial determination of the identity of all Mrs. Shumate's heirs. In that context, payments were made to and releases accepted from four of the heirs. This in no wise can preclude Mrs. Pearthree from collecting damages within the "per person" limits of the two policies.
We would affirm here except for the fact that in deciding damages at the lower level, the chancellor did so as if the suit were not only for Mrs. Pearthree but also for all the other wrongful death beneficiaries. This was error because the other wrongful death beneficiaries were not parties to the action by which Mrs. Pearthree was suing for $40,000 to the very end. Accordingly, the cause will have to be remanded for the chancellor to determine damages payable to Mrs. Pearthree as the sole party plaintiff to this suit.
We find no merit to the cross-appeal or other propositions argued.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, LEE, BOWLING and COFER, JJ., concur.
NOTES
[1] Hartford had also paid passenger Eleanor M. Fannin $9,900 for her personal injuries she sustained in the accident; and $10,000 for the claims of Mrs. Fannin and the three minor children of James Fannin for his death.