474 So.2d 572 (1985)
Marion Blue OVERSTREET, Maxine Blue Gonzales, Faye Blue Thornton, W.M. Blue and Michael Dean Blue
v.
ALLSTATE INSURANCE COMPANY.
No. 54914.
Supreme Court of Mississippi.
August 7, 1985.
*573 Leonard B. Melvin, Jr., Sarah L. Entrekin, Melvin & Melvin, Laurel, for appellant.
Harold W. Melvin, Patricia Melvin, Laurel, for appellee.
Before WALKER, P.J., and PRATHER and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
Harmon S. Blue owned three vehicles, all of which were covered by an uninsured motorist insurance policy issued by Allstate Insurance Company. Blue paid separate premiums for each vehicle. In February, 1980, while driving his own vehicle, Blue was struck by an uninsured motorist and he died as a result of the injuries from that accident. Blue is survived by his widow, Lillie Mae Blue, and seven children. None of the children resided in the Blue family home.
Blue's Allstate policy had a $10,000 limitation as to "each person" and a $20,000 limitation as to "each accident". By aggregating, or "stacking", these limitations become $30,000 "per person", and $60,000 "per accident".
Allstate's representative, John McCoy, paid $65,000 to Lillie Mae Blue. All of the "per accident" benefits due from Allstate were paid out, although no estate was opened and McCoy apparently never made a serious effort to determine who the heirs of Harmon Blue might be.
On April 27, 1982, appellants, five of the seven Blue children, sued Allstate in Jones County Circuit Court, claiming they were entitled to share in the insurance proceeds and further were entitled to punitive damages because Allstate's failure to recognize their legal rights constituted bad faith.
Appellants' theory of recovery is as follows:
1. Mississippi Code Annotated § 83-11-103 (Supp. 1984), of the Uninsured Motorist Coverage Act, and Mississippi Code Annotated § 63-15-43 (Supp. 1984), of the Mississippi Motor Vehicle Safety Responsibility Law, require that benefits owed by Allstate because of Harmon Blue's death be paid to the persons designated by the wrongful death statute, Mississippi Code Annotated § 11-7-13 (Supp. 1984); and any insurance policy provision to the contrary is of no effect.
2. The "facility of payment" clause, in the insurance policy which Allstate relied upon in paying Lillie Mae Blue, as well as the policy definition of "insured", is ambiguous.
3. Allstate did not act in good faith in attempting to ascertain who should receive the benefits payable as the result of the death of Harmon Blue.
Allstate's position is that the company paid the maximum benefits under the uninsured motorist contract of the three policies and that by the "facility of payment" clause of the contract they had a right to pay the money to Lillie Mae Blue. Allstate has fulfilled the terms of their contract and contend that, therefore, they have no further liability.
*574 Allstate moved for a summary judgment, under Rule 56, Miss.Rules of Civil Procedure, claiming there were no genuine issues of material fact and that Allstate was entitled to prevail as a matter of law. After a hearing, summary judgment was granted to Allstate without a written opinion.
We are faced with only one assignment of error, that being that the trial judge was manifestly in error in sustaining the motion for summary judgment.
The standard for summary judgment is set forth in Rule 56 of the Mississippi Rules of Civil Procedure which provides that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
Hudson v. Bank of Edwards, 469 So.2d 1234, 1238 (Miss. 1985).
When we apply this standard to the record before us, we reach the conclusion that the trial judge was not in error and that he acted properly in granting summary judgment in this cause.
Section 2 of the insurance policy is where Allstate undertook to provide uninsured motorist coverage and it reads as follows:
Allstate will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of a non-insured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called bodily injury, sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile... .
The word "insured" as used in this section is defined as follows:
(a) The named insured as stated in the policy, the spouse of any such named insured and relatives of either, while residents of the same household; (b) any other person while occupying the insured automobile; and (c) any person, with respect to damages he is entitled to recover because of bodily injury to which this coverage applies sustained by an insured under (a) or (b) above. (Emphasis added).
Appellants claim that under the wrongful death statute, Mississippi Code Annotated § 11-7-13 (Supp. 1984), they are entitled to an equal distribution of any wrongful death damages paid due to the death of their father. Because this is so, they contend that under subdivision (c) above they are each an "insured". This is true and Allstate does not deny such. They do contend, however, that the "facility of payment" clause authorized the payments to Lillie Mae Blue.
The appellants claim that the "facility of payment" clause does not, without being ambiguous, authorize Allstate to pay the death benefits to Lillie Mae Blue, and that this creates an ambiguity and thus a genuine issue of material fact.
This policy contains a typical "facility of payment" clause, and it has been recognized in at least two prior Mississippi cases, both dealing with industrial insurance policies. In Metropolitan Life Insurance Co. v. Bates, 130 Miss. 399, 94 So. 216 (1922), the Court said the following:
The contract between the company and the assured is valid, and its conditions and stipulations must govern. In the policy sued on there is no contract to pay only to the beneficiary named, but the contract expressly provides that payment may be made to any one of several persons or classes of persons, including the beneficiary named, any one of whom is expressly authorized to receive and receipt for the payment. The facility of payment clause in the policy expressly vests in the insurance company the right to exercise its discretion in making payment to any one coming within the enumerated classes, ... . Id. at 218. (emphasis added).
The above case was followed in Brown v. Metropolitan Life Insurance Co., 212 *575 Miss. 675, 55 So.2d 415 (1951). A similar "facility of payment" clause was involved. It was stated in Brown that, "[t]he courts have consistently upheld the validity of this clause and have said that it will be liberally construed." The Court went on to say that "[i]n the exercise of its option the insured must act in good faith and use sound judgment under the circumstances. Yet the purpose of the clause is to give the insuror reasonable latitude in a good faith payment of the proceeds of the policy. Its terms must be applied to the facts of each case." Id. at 420.
The "facility of payment" clause in this policy provides as follows:
Payment of loss by Allstate. Any amount due hereunder is payable (a) to the insured, or (b) if the insured be a minor to his parent or guardian, or (c) if the insured be deceased to his surviving spouse, otherwise, (d) to a person authorized by law to receive such payment or to a person legally entitled to recover the damages which the payment represents; provided, Allstate may at its option pay any amount due hereunder in accordance with division (d) hereof.
Both sides rely on two Mississippi cases, Pearthree v. Hartford Accident and Indemnity Co., 373 So.2d 267 (Miss. 1979), hereinafter referred to as "Pearthree I", and United States Fidelity and Guaranty Co. v. Pearthree, 389 So.2d 109 (Miss. 1980), hereinafter referred to as "Pearthree II". Pearthree I recognizes the validity of the "facility of payment" clause in an uninsured motorist provision. In that case, the daughter of an insured claimed that she was entitled to the remaining benefits which were payable due to the injuries of her deceased mother. The Supreme Court agreed, and said that the argument that the payments were consistent with the "facility of payment" clause was without merit since in the Pearthree case the maximum amount of benefits had not been paid. Under those circumstances, the daughter was entitled to those unpaid benefits as an insured under the policy. We did state, however, that "[w]e agree that if the companies had completely discharged their liability under the policies, then the recipients of the $10,000 paid by the United States Fidelity and Guaranty Company would have held part of these funds in trust for the appellant." Id. at 272. In the case sub judice, Allstate had completely discharged their liability under the policy, and, therefore, Pearthree I offers cold comfort to the appellants.
The last clause in the "facility of payment" clause unambiguously provides that "Allstate may at its option pay any amount due hereunder in accordance with division (d) hereof." Division (d) allows payment "to a person authorized by law to receive such payment or to a person legally entitled to recover the damages which the payment represents... ." Lillie Mae Blue is "a person authorized" by the wrongful death statute to receive a share of the damages resulting from the wrongful death of Blue. Furthermore, the wrongful death statute provides that such an action may be commenced by the "widow for the death of her husband" or "in the name of a child for the death of a parent". Therefore, Lillie Mae Blue is not only "a person authorized by law to receive such payment", she is also "a person legally entitled to recover the damages which the payment represents".
Where a contract is clear and unambiguous, its meaning and effect are matters of law which may be determined by the court. Dennis v. Searle, 457 So.2d 941, 945 (Miss. 1984); Pfisterer v. Noble, 320 So.2d 383, 384 (Miss. 1975). There is, therefore, no genuine issue of fact as to any ambiguity of the policy provision which defines "insured" and the policy provision which designates the payee of any loss, and therefore, as to this facet of the case, summary judgment was appropriate.
The appellants next contend that there exists an issue as to whether the provisions of the policy conflict with the statutory requirements of uninsured motorist coverage, and that this issue is a genuine issue of fact which should have been determined by a jury.
*576 The appellants contend that since they are legally entitled to recover damages because of the death of their father under the wrongful death statute they are insureds under the policy. This is admitted and it is true. Building upon this contention, appellants claim that Mississippi Code Annotated § 83-11-101, et seq., (1972), and § 63-15-1, et seq., (1972), require that the benefits under the policy which were payable due to the injuries of Blue be paid to the persons designated by the wrongful death statute. They specifically contend that § 63-15-43 (Supp. 1984) and § 83-11-103 (Supp. 1984), require that the insurance company act in good faith in paying the policy proceeds to the proper parties before it can be completely discharged of its liability under the policies.
§ 83-11-101 is Mississippi's uninsured motorist coverage law. It simply provides that every automobile liability insurance policy must be offered with a provision "undertaking to pay the insured all sums which he shall be legally entitled to recover as damages for bodily injuries or death from the owner or operator of an uninsured motor vehicle... ." The term "insured" is defined in § 83-11-103. It includes the first two definitions of "insured" contained in the Allstate policy but does not contain the third definition in subdivision (c).
In Pearthree I (1979), this Court had under consideration a policy with the almost exact definitions of "insured" as contained in the policy at issue in this case. In Pearthree, with reference to the third definition, we expressly said that the defendant insurance company had decided to "define insured more broadly" than that contained in the statute. Therefore, § 83-11-101 does not require that an insurance policy undertake to pay persons entitled to damages under the wrongful death statute.
In Pearthree II, (1980), we further distinguished the wrongful death statute. In the earlier Pearthree I case, we had found that the daughter was an insured, pursuant to the policy, since she had an action for the death of her mother under the wrongful death statute. On remand, the lower court limited her damages to her proportional share that she would have received pursuant to the wrongful death action. On appeal, we said her recovery was only limited by the per person limitations contained in the policy. In essence, we said that just because a person was an "insured" under the policy because of the fact that he was entitled to damages pursuant to the wrongful death statute did not mean that the amount of benefits payable under the policy would be determined by the wrongful death statute.
With this in mind, we cannot say that § 83-11-103 or § 83-11-101, et seq., in general, require the benefits payable due to the injuries of Blue be paid to the persons designated under the wrongful death statute. Furthermore, we find nothing in Mississippi Code Annotated § 63-15-1, et seq., which would require this finding.
Is there a genuine issue of fact as to whether or not Allstate acted in good faith in its actions and conduct in handling the uninsured motorist coverage claim?
Where an insurance company has a legitimate, allowable or arguable reason not to pay a claim, punitive damages will not lie. Aetna Casualty and Surety Co. v. Steele, 373 So.2d 797, 801 (Miss. 1979); Standard Life Insurance Co. v. Veal, 354 So.2d 239 (Miss. 1977); and Consolidated American Life Insurance Co. v. Toche, 410 So.2d 1303 (Miss. 1982). In this case, not only did Allstate have a "legitimate" and "arguable" reason for not paying the five children, the insurance contract under which they operated expressly authorized them to pay Lillie Mae Blue to the exclusion of the five children. Therefore, there can be no genuine issue of fact as to whether Allstate acted in bad faith in paying this claim.
The five children never directly deny that Allstate had paid the maximum amount of benefits pursuant to the "per accident" limitation under the policy. In their brief, the appellants do not allege that this was an issue of fact which should have been *577 determined at trial. Appellants suggest for the very first time that they may be denying that the maximum coverage has been paid when they state in their reply brief "that while the Appellee contends that there was a payment of $30,000 to Mrs. Blue for her injuries under the uninsured motorist provisions and a payment of $30,000 to Mrs. Blue for the injuries of Mr. Blue under the uninsured motorist provisions of the policy, this contention is not supported by the releases obtained, the drafts issued nor the testimony of the adjustor." Appellants still do not deny that the maximum coverage under the "each accident" limitation had been paid.
Rule 6(b) of the Mississippi Supreme Court Rules provides that "[n]o error not distinctly assigned shall be argued by counsel, except upon request of the court, but the court may at its option, notice a plain error not assigned or distinctly specified." In Newsom v. Newsom, 226 Miss. 696, 85 So.2d 221 (1956), we said that, in addition to the above rule, it is "well established that it is improper to raise new points or assignments for the first time in the rebuttal brief of appellant, and that where they are so raised, the Court is under no duty to consider the same." This is true because the appellee would have no opportunity to reply to the rebuttal brief. Id. at 222.
We are of the opinion that the appellants never sufficiently denied that the maximum coverage pursuant to the "each accident" limitation in the policy had been paid. We decline to review this claim under the authority of Newsom, but should we review it we find that as against Allstate it has been foreclosed.
For the benefit of the bench, bar and the insurance industry in general, we repeat what we previously stated in United States Fidelity and Guaranty Co. v. Pearthree, 389 So.2d 109, 113, "The insurance companies, as they have a right to do, elected not to open an administration, or conduct any judicial determination of the identity of all Mrs. Shumate's heirs." Allstate was within its rights to handle this claim in the manner in which it was handled. However, to avoid such questions in the future, we draw the bar's attention to this language:
Some if not all of the difficulties presented in this case would have been avoided had the insurance companies required an administration of Mrs. Shumate's estate and made the estate party to the settlement rather than merely settling with the individual beneficiaries. At least, and without any full blown administration, payment could have been made into the registry of the chancery court and proceedings instituted under Mississippi Code Annotated § 91-1-27, et seq. (1972), to establish who were all the heirs of Mrs. Shumate. Id. at 112-13.
We repeat, and loudly, that such would be the preferred procedure in dealing with claims in cases of this sort.
The trial judge was correct in finding that there were no genuine issues of material fact and that Allstate was entitled to a summary judgment as a matter of law.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and ANDERSON, JJ., concur.