Christopher Forsyth RAMPY, a Minor, Deceased, By and Through his Next Friend and Natural Father, Thomas F. RAMPY, and Thomas F. Rampy, Individually, and Thomas Marion Rampy, Plaintiffs,

v.

Ethel I. AUSTIN and Stacey May, Defendants.

Priscilla Jean RAMPY, Plaintiff,

v.

NATIONWIDE GENERAL INSURANCE COMPANY, Defendant.

Civ. A. Nos. W87–0142(B), W88–0076(B).

United States District Court, S.D. Mississippi, W.D.

June 23, 1989.

**557**

Minor F. Buchanan, Jackson, Miss., David M. Sessums, Travis Vance, Frank Vollar, Vicksburg, Miss., for plaintiffs.

Leonard B. Melvin, Jr., Laurel, Miss., for Thomas Marion Rampy.

Thomas M. Murphree, Jr., Jackson, Miss., Lewis Burke, Vicksburg, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

These cases are before the Court on various motions of the parties, particularly the Motion of Plaintiff Thomas F. Rampy to Enforce a Proposed Settlement. These cases again expose the persistent conflicts among wrongful death heirs and their attorneys over control of the lawsuit and entitlement to attorney's fees. The purpose of this opinion, in addition to deciding the issues before the Court, is not to cast aspersions on attorneys who find themselves in the uncomfortable situation of representing wrongful death claimants with competing interests. It is rather to suggest to the Legislature of the State of Mississippi and to the Mississippi State Bar that these problems frequently arise and that clarification of Mississippi Code Section 11–7–13, the wrongful death statute, is needed. Such a revision would both save the state and federal courts of Mississippi untold hours and relieve attorneys of the distasteful necessity of a race to the courthouse.

## FINDINGS

The facts of this case are tragic. Christopher Forsyth Rampy, a five year old child, died of injuries which he received when the car of Defendant Ethel I. Austin, in which he was a passenger, collided with the car of Defendant Stacey May. Christopher was the son of Thomas F. Rampy and Priscilla Jean Rampy and the paternal half-brother of Thomas Marion Rampy.

Thomas F. Rampy and Priscilla Jean Rampy underwent a bitter divorce approximately four years before Christopher's death. Priscilla was granted custody of Christopher, and he lived with her in Vicksburg, Mississippi. Thomas F. Rampy lived in the State of Tennessee and had little contact with his son after the divorce. Thomas Marion Rampy, the son of Thomas F. by a previous marriage, is a resident of the State of California and had little or no contact with his half brother, Christopher.

Christopher died on November 14, 1987. On November 20, 1987, Thomas F. filed a wrongful death action in the Circuit Court of Warren County, Mississippi, on behalf of himself and the other wrongful death heirs. On November 23, 1987, he petitioned the Chancery Court of Warren County for letters of administration, which were granted together with permission to file the wrongful death action that, in fact, had already been filed.

On November 24, 1987, Priscilla filed a petition with the Chancery Court of Warren County to remove Thomas F. as administrator and obtain a stay of the wrongful death action until the Petition for Removal could be heard. The Chancery Court, on December 21, 1987, removed Thomas F. as administrator and instead appointed Geoffrey C. Morgan, a neutral attorney with no connection to any of the parties or interest in any portion of the wrongful death claims.

In the face of Priscilla's petition to remove him as administrator, and obviously to regain control of the wrongful death litigation, Thomas F. filed a second wrongful death claim in this Court on December 2, 1987. He filed his Complaint in his own name on behalf of the wrongful death

heirs. This cause is Civil Action Number W87–0142(B). On December 3, 1987, he dismissed the wrongful death action which he had filed in the Warren County Circuit Court.

On March 8, 1988, Priscilla moved to intervene as Plaintiff in W87–0142(B) or, alternatively, for permissive joinder. The Magistrate denied that motion by Order of May 31, 1988. This Court overruled Priscilla's objections to the Magistrate's decision on July 26, 1988.

In both suits Thomas F. sued the drivers of both cars, Ethel I. Austin and Stacey May, alleging that they were joint tortfeasors. Nationwide General Insurance Company had written general liability insurance covering the Austin vehicle. That policy also contained uninsured motorist coverage.

On June 21, 1988, Priscilla filed an action on her individual behalf against Nationwide in the Circuit Court of Warren County, Mississippi, claiming that Stacey May was an uninsured motorist and that she was personally entitled to recover under the uninsured motorist provisions of the policy. That suit alleged only the personal claim of Priscilla and did not purport to be a suit on behalf of the wrongful death heirs. That suit was removed to this Court by Nationwide and is Civil Action No. W88–0076(B).

On January 27, 1989, W87–0142(B) was set for trial on a calendar scheduled to begin on March 13, 1989, but was rescheduled for April 17, 1989. The Court has been informed that the Magistrate attempted settlement negotiations between the attorneys for Thomas F. and the attorneys for the Defendants at the pretrial conference conducted by the Magistrate on March 6, 1989. These negotiations were unsuccessful. After the pretrial conference, the attorney for Defendant Ethel Austin, who represents Nationwide in both actions, made a settlement offer of $100,000 to Priscilla's attorneys in W88–0076(B). The offer was conditioned upon the settlement of all claims against Ethel Austin, Stacey May and Nationwide, including all claims asserted in W87–0142(B).

On April 23, 1989, Priscilla filed a petition in the estate proceedings in the Chancery Court of Warren County seeking an order directing settlement of all claims pending in the federal cases for the sum of $100,000 and seeking approval of attorneys' fees. Thomas Marion filed a similar motion in the state court action and Defendant Ethel I. Austin joined in those petitions. The Chancellor held a hearing on April 14, 1989, and ordered the settlement.

On April 7, 1989, Defendant Ethel Austin filed a Motion for a Settlement Conference before this Court which was conducted on April 14, 1989. At that settlement conference the attorneys for Thomas F. complained that they had never received a formal settlement offer from the Defendants, whereupon the Defendants made such an offer in the Court's presence. The Court had no issue before it which required a ruling, and one was made at the conference.

On April 20, 1989, Plaintiff Thomas F. filed the Motion now before the Court seeking to Enforce a Settlement, to Abate and Enforce Settlement, to Abate and Enjoin the State Court Action, to Approve Attorney's Fees and to Direct Disbursement of the Settlement Proceeds. Six days later, also in W87–0142(B), Defendant Austin filed her Motion for Directions Concerning Settlement and Priscilla filed both her Motion for Consolidation of Joint Hearing on Settlement and Attorney's Fees and her Motion to Abstain from Jurisdiction as to Settlement, Attorneys' Fees and Costs. Priscilla filed similar motions in W88–0076(B).

All of the pending motions were set for hearing before the Court on May 4, 1989, at which time all parties in both actions, as well as Thomas Marion, were represented by attorneys. The Court heard arguments of all counsel. No testimony was presented. The contingency fee contract between Thomas F. Rampy and his attorney, Minor F. Buchanan, was offered as evidence. The Court heard the objection of Priscilla to its admission and took the ruling thereon under advisement. The Court has now considered arguments of all counsel and the

pleadings and memoranda that have been presented.

During the May 4 hearing, all parties agreed that Thomas F. Rampy, Priscilla Jean Rampy and Thomas Marion Rampy are the wrongful death heirs of Christopher Forsyth Rampy under Mississippi Code Section 11–7–13 and are entitled to share equally in any net recovery of the wrongful death action. The Court finds that Geoffrey C. Morgan, as administrator of the estate of Christopher Forsyth Rampy is not now a party to either of the actions presently pending before this Court nor is he a necessary party. At this hearing, Thomas F. Rampy, Priscilla Jean Rampy and Thomas Marion Rampy, each through counsel, represented to the Court that each was desirous of consummating a settlement of all of the various claims for the total sum of $100,000. Priscilla Jean Rampy agreed that this settlement amount should be accepted by her in settlement not only of her share of the wrongful death claim but also of her uninsured motorist claim and that she was willing to settle all of her claims for one-third of the net proceeds of the $100,000 settlement. The settlement offer of $100,000 is a joint offer by the Defendants Austin, May and Nationwide and is conditioned only upon such payment terminating all liability that they jointly or individually may have because of the death of Christopher.

Accordingly, all parties are agreeable to settling all claims against all Defendants for the sum of $100,000. The Plaintiffs agree that the net proceeds of the settlement are to be divided equally among the three of them. The only dispute remaining among the Plaintiffs concerns the amount and allocation of attorneys' fees and expenses owed out of the settlement proceeds, if the settlement is ordered. The Court is thus faced with the questions as to whether it can require a settlement and if so, whether it or the state court should decide the issue of attorneys' fees and expenses.

## CONCLUSIONS OF LAW

Federal district courts have the inherent power to manage their dockets.

*Hamilton v. Robertson,* 854 F.2d 740, 741 (5th Cir.1988). There are two cases pending before this Court in which claims are made for damages resulting from the death of Christopher Forsyth Rampy. All possible parties interested in the proceeds of those claims are agreeable to accepting the settlement offer. The first step toward accomplishing this goal must be to grant the motions of Priscilla to consolidate for settlement.

Section 11–7–13 provides that any wrongful death action may be brought by any wrongful death beneficiary or by the personal representative of the decedent for the benefit of all persons entitled to recover but that in any event there shall be but one suit for the same death. The Supreme Court of the State of Mississippi has clearly held that the wrongful death heir who first files a wrongful death claim is entitled to prosecute that claim to its conclusion. *Thornton v. Insurance Company of North America,* 287 So.2d 262, 265 (Miss. 1973); *cf. Mobile Jackson & Kansas City Railroad Co. v. Hicks,* 91 Miss. 273, 46 So. 360 (1908) *aff'd.* 219 U.S. 35, 31 S.Ct. 136, 55 L.Ed. 78 (1910) (abating suit by administratrix after suit by widow); *J.J. Newman Lumber Co. v. Scipp,* 128 Miss. 322, 91 So. 11 (1922) (abating suit by widow after suit by administratrix).

Mississippi law awards control of the wrongful death suit to the wrongful death heir or the administrator who wins the race to the courthouse. Thomas F. not only was the first to file a wrongful death claim but also is the only person to file a wrongful death claim. Therefore, W87–0142(B) is properly before the Court.

Priscilla argues that Thomas F. violated the November 24, 1987, abeyance order of the Chancery Court of Warren County in filing his cause in this Court. That may, or may not, be true but is a matter for the state court and not for this Court.

In opposition to Thomas F.'s Motion to Enforce the Settlement, Priscilla, joined by Thomas Marion, argues that the race to the courthouse doctrine under the wrongful death statute is not applicable in this case

because her suit is not a wrongful death action but is a suit based on contract under the uninsured motorist provision of Nationwide's insurance policy. In support of that position, Priscilla relies on *Pearthree v. Hartford Accident and Indemnity Co., et al.*, 373 So.2d 267 (Miss.1979), (*"Pearthree I"*); *United States Fidelity & Guaranty, et al. v. Pearthree*, 389 So.2d 109 (Miss. 1980), (*"Pearthree II"*); and *Overstreet v. Allstate Insurance Company*, 474 So.2d 572 (Miss.1985) (*"Overstreet"*). All three cases are inapposite to the issues of the case at bar.

In *Pearthree I*, the two carriers of the uninsured motorist coverage paid less than the policy limits in settling with certain family members excluding Pearthree, a daughter of the deceased and a wrongful death heir under the statute. She sued both insurance companies. The Mississippi Supreme Court held that, although other family members settled with the insurance company, the "facility of payments" clause did not protect the insurance companies where they did not exhaust the limits of their liability. Priscilla asserts that this is authority for her prosecution of the uninsured motorist cause separately from the action for wrongful death. In *Pearthree I*, the settlement by the other wrongful death heirs had already been made, but the insurance companies had not precluded a suit for the balance of the policy limits by a wrongful death heir who was not a party to the settlement. Here, the insurance has not yet made a settlement, and the uninsured motorist coverage suit is pending concurrently with the wrongful death action.

Priscilla argues that her position is the same as that of the appellant in *Pearthree II*. There the appellant sued strictly under the uninsured motorist portion of the policies instead of for wrongful death. On appeal, the recovery was awarded to the appellant alone, not "for all other wrongful death beneficiaries." Priscilla attempts to avoid the operation of the wrongful death statute by suing in her own name rather than for herself and the other wrongful death heirs. However, unlike the court in *Pearthree II*, this Court has both the unin-

sured motorist suit and the wrongful death action.

In *Overstreet*, the court interpreted the *Pearthree* cases and said that

just because a person was an "insured" under the policy because of the fact that he was entitled to damages pursuant to the wrongful death statute did not mean that the amount of benefits payable under the policy would be determined by the wrongful death statute.

With this in mind, we cannot say that Section 83–11–103 or Section 83–11–101, *et seq.*, in general, require the benefits payable due to the injuries of Blue be paid to the persons designated under the wrongful death statute. Furthermore, we find nothing in Miss.Code Ann. § 63–15–1, *et seq.*, which would require this finding.

*Overstreet*, 474 So.2d at 576. Priscilla argues under this rule that any proceeds which she might recover in her suit under the uninsured motorist coverage would not be divisible in accordance with the wrongful death statute. She further claims that such a rule prevents this Court from enforcing settlement and that the Court should therefore abstain from enforcement and allow the Chancellor to determine the distribution of the settlement. This Court believes that the Mississippi Supreme Court in *Overstreet* stopped short of making such a specific determination.

■ This Court is *Erie*-bound to decide this case according to its belief of how the Mississippi Supreme Court would rule if presented with the same issue. The question *sub judice* is whether another wrongful death heir may thwart the first wrongful death plaintiff in the prosecution of an existing wrongful death suit by filing a second cause of action, when the second action seeks the proceeds of uninsured motorist coverage that might otherwise satisfy a judgment in the wrongful death suit.

This Court believes that, if a wrongful death action and an action against uninsured motorist coverage for the same death were simultaneously pending, the Mississippi Supreme Court would hold that the

uninsured motorist coverage is a source of funds from which the wrongful death heir who controls the prosecution of the wrongful death action may satisfy any judgment recovered on behalf of all of the wrongful death heirs. Therefore, the first wrongful death plaintiff may not be preempted from choosing trial tactics or electing remedies by another wrongful death heir. The wrongful death plaintiff has a right to control the wrongful death lawsuit. That plaintiff, as a tactical matter, might choose to sue the joint tortfeasors, including one who is an uninsured motorist, and thereafter seek to satisfy that judgment through execution on uninsured motorist coverage. Alternatively, the wrongful death plaintiff might decide to include as a party defendant the uninsured motorist carrier in his initial suit. If the second alternative is chosen, it appears the Mississippi Supreme Court would hold that the proceeds of the suit against the uninsured motorist carrier are for the benefit of all wrongful death heirs and not for the plaintiff alone. If similar reasoning is followed when the first alternative is taken by the plaintiff, and another of the wrongful death heirs files a separate suit under the uninsured motorist coverage, the second wrongful death heir should not be able to preempt that source of funds for personal benefit.

The Court concludes that the uninsured motorist coverage is a source of funds for the satisfaction of a judgment rendered for all of the wrongful death beneficiaries and not for Priscilla alone. Therefore, the Court finds that the consolidation of the two suits for the purpose of ordering a settlement is appropriate. Since all interested parties and wrongful death heirs are before the Court, agree to accept the settlement offer and agree that this offer would satisfy all claims, the Court will order the settlement to be consummated in the fashion set forth below.

The next issue to be addressed is the involvement of the Chancery Court of Warren County, Mississippi, in this matter. This Court notes that the Mississippi Supreme Court in *Pearthree II* and *Overstreet* suggested that the insurance companies in those cases should have made the estate of the decedent a party to the settlements rather than settling only with the individual beneficiaries. However, no such condition of settlement has been imposed by Nationwide in the cases before this Court.

The Chancery Court of Warren County, Mississippi, has entered an order requiring the administrator to settle the two suits before this Court, relying on Mississippi Chancery Rule 6.10, which states:

> Every petition for authority to compromise and settle a claim for wrongful death or injury shall set forth the facts in relation thereto and the reason for such compromise and settlement and the amount thereof. The material witnesses touching the facts concerning the injury or death and the damages resulting therefrom shall be produced before the Chancellor for examination. Where counsel representing the petition has investigated the matter and advised settlement, he shall so appear and give testimony touching the result of his investigation.

However, this Court questions whether a chancery court has jurisdiction in estate proceedings to order wrongful death heirs to make a settlement in cases pending in this Court. The proceeds of a wrongful death action are not assets of the decedent's estate in the common sense of that term because they are not subject to the claims of the creditors of the decedent. Wrongful death proceeds belong to the wrongful death heirs. *Smith v. Garrett,* 287 So.2d 258 (Miss.1973). *See also Dent v. Mendenhall,* 139 Miss. 271, 104 So. 82 (1925). Priscilla urges that in any action for wrongful death the chancery court must approve the settlement and the attorneys' fees, regardless of whether the state courts have jurisdiction over such an action. Such a holding would require this Court, managing its own docket, to depend upon whether or not the state chancery court might approve a settlement. This Court holds that comity does not require this result.

**562**

This Court further notes that it has the same equitable powers as would the chancery court in approving settlement, setting fees, allowing expenses, and making proper disbursements. The Court concludes that it is not required to return these cases to the Chancery Court of Warren County, Mississippi, for any purpose. This simply is not a matter in which this Court should abstain from exercising jurisdiction. The issues are straightforward and are not matters such as divorce or child custody which would be particularly within the competence of the chancery court.

## CONCLUSION

For the reasons stated above, these two cases are hereby consolidated and the Motion of Priscilla Jean Rampy to Abstain from Jurisdiction as to Settlement and Attorney's Fees of these consolidated actions is denied.

Thomas F. Rampy and Priscilla Jean Rampy, Plaintiffs, are hereby ordered to accept the offer of Defendants Ethel I. Austin, Stacey May and Nationwide General Insurance Company to settle all claims against those Defendants, as set forth in the Complaints in the two cases before this Court, for the sum of $100,000 and to enter into motions to dismiss those causes of action with prejudice.

In order to effect this settlement, Defendants Ethel I. Austin, Stacey May and Nationwide General Insurance Co. are hereby ordered to pay the settlement sum of $100,000 into the registry of this Court on or before July 7, 1989. The Court will later address the issue of attorneys' fees, reimbursement of expenses and disbursement of the proceeds.

Thomas Marion Rampy made an appearance before this Court through his attorney, Leonard B. Melvin, Jr., at the May 4, 1989, motion hearing. He is hereby joined as a party to allow him to file any specific request for the allowance of attorney's fees and expenses, to suggest disbursement of the settlement proceeds or to object to any request or suggestion made by either of the other wrongful death heirs.

Thomas F. Rampy, Priscilla Jean Rampy and Thomas Marion Rampy, if they wish to file claims against the settlement proceeds for attorneys' fees and expenses, or if they further wish to make suggestions as to the disbursements of the net proceeds, are hereby directed to do so by filing an appropriate motion setting forth their respective positions, supported by any necessary affidavit, on or before July 7, 1989. Regardless of whether or not any of them shall have filed a motion, any may file a response or objection to the motion of any other wrongful death heir on or before July 17, 1989. The Court will thereafter determine the proper allowance of attorneys' fees and expenses and the proper distribution of the remaining settlement proceeds and will order the clerk to make any such disbursements.

SO ORDERED.